[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 392.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BANCSI.

[Cite as *Disciplinary Counsel v. Bancsi*, 1997-Ohio-378.]

*Attorneys at law—Misconduct—One-year suspension with six months of the suspension stayed—Continuing to practice law while license is under suspension.*

(No. 97-436—Submitted May 7, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-50.

_____

{¶ 1} On August 11, 1995, we suspended respondent, Joseph Bancsi of Rocky River, Ohio, Attorney Registration No. 0025450, from the practice of law for his failure to comply with continuing legal education requirements during the 1992/1993 reporting period, and also imposed a $100 sanction fee for noncompliance. Although respondent completed more than the twenty-four hours of continuing legal education during that period, he failed to obtain the required one-half hour of substance abuse education. The suspension was also imposed for his failure to pay a court-ordered sanction of $100 for noncompliance during an earlier period. On unrelated matters, we have previously reprimanded respondent. *Cleveland Bar Assn. v. Bancsi* (1995), 72 Ohio St.3d 525, 651 N.E.2d 949.

{¶ 2} Our order suspending respondent required among other things that he immediately cease the practice of law and notify all clients, opposing counsel, and judges of his disqualification by certified mail. Because he had not informed the Supreme Court of his change of address, respondent did not receive the order suspending him until September 20, 1995.

{¶ 3} Respondent paid the two outstanding monetary sanctions on September 21, 1995, immediately applied to take the uncompleted substance-abuse

education on October 4, 1995, and on September 28, 1995 filed a motion to vacate the order of suspension. Respondent filed a motion for reinstatement on October 5, 1995, and was reinstated to the practice of law on November 3, 1995. *In re Report of Comm. on Continuing Legal Edn., Bancsi, Respondent* (1995), 74 Ohio St.3d 1449, 656 N.E.2d 691.

{¶ 4} On June 17, 1996, relator, Disciplinary Counsel, filed a complaint charging respondent with the violation of several Disciplinary Rules for continuing to practice law during the period he was under suspension. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard this matter on December 20, 1996.

{¶ 5} The panel found that although respondent did not take on any new clients after he discovered that he had been suspended, he did serve existing clients on a limited basis between September 20 and October 27, 1995 to protect their interests. Specifically, on September 28 and October 6, he appeared in pre-hearing settlement conferences for one of his clients. On October 2, he filed an application for an extension of time to file assignments of error on appeal for a second client, and on October 31, he entered into a settlement agreement in that case. On October 11, he filed a pretrial statement for a third client, and on October 27, he filed a notice of withdrawal in that case. On October 18, he appeared at a pretrial conference for a fourth client and withdrew from the case on October 27. On October 23, he signed a settlement agreement in a domestic relations case for a fifth client. At the time of these actions, respondent alleges that he anticipated that his reinstatement would take place within two weeks at the most.

{¶ 6} After his suspension, but prior to receiving notice of it, respondent on behalf of various clients filed notices of appeal on August 11, 1995, and September 5, 1995, entered an appearance in common pleas court on August 28, 1995, and filed motions in another case in common pleas court on September 1, 1995.

**{¶ 7}** Although respondent was required by the order to notify clients, opposing counsel, and judges of his suspension by certified mail, respondent instead gave personal notice of the order by hand-delivering letters between October 20 and October 27, 1995.

**{¶ 8}** The panel concluded that respondent had willfully failed to comply with an order of the Supreme Court and, by practicing law during the term of his suspension, violated DR 3-101(B) (practicing law in a jurisdiction where to do so violates the regulations of the profession in that jurisdiction). The panel recommended that respondent be suspended from the practice of law for one year with six months of the suspension stayed on the condition of good behavior. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Niki Z. Schwartz* and *Michelle Heyer,* for respondent.

————————————

***Per Curiam.***

**{¶ 9}** We adopt the findings and conclusions of the board. An attorney who continues to practice law while his license is under suspension violates DR 3-101(B). *Akron Bar Assn. v. Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752. As we said in *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371, 1373, "The normal penalty for continuing to practice law while under suspension is disbarment."

**{¶ 10}** However, in view of the specific facts of this case, including respondent's prompt attempt to cure the deficiency with respect to continuing legal education which resulted in his suspension, his immediate payment of the outstanding fines, the short duration of the suspension, and the recommendation of

the panel, we order that respondent be suspended from the practice of law for one year with six months of the suspension stayed.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————