TOLEDO BAR ASSOCIATION *v.* CRANDALL.

[Cite as *Toledo Bar Assn. v. Crandall,*
98 Ohio St.3d 444, 2003-Ohio-1637.]

(No. 2002–2183—Submitted February 12, 2003—Decided April 16, 2003.)

—————

**Per Curiam.**

{¶ 1} Respondent, Dale R. Crandall, Attorney Registration No. 0005576, whose last known address is in Perrysburg, Ohio, was admitted to the practice of law in Ohio in May 1979. On June 17, 2002, relator, Toledo Bar Association, filed a complaint charging that respondent had disobeyed an order suspending his license to practice law for noncompliance with Continuing Legal Education ("CLE") requirements and had failed to cooperate in relator's investigation of this misconduct. After unsuccessful efforts to serve the complaint on respondent at his last known address, relator served the complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline ("board") reviewed the cause on relator's motion for default and made the following findings.

{¶ 2} With respect to Count One of the complaint, the master commissioner found that respondent had been retained to represent a married couple in a personal injury action. On April 27, 2001, we suspended indefinitely respondent's license to practice law for his failure to comply with CLE requirements for the 1998–1999 reporting period and also for three consecutive reporting periods. *In re Crandall* (2001), 91 Ohio St.3d 1501, 1502, 746 N.E.2d 605. Respondent violated this order by continuing to represent the couple. He did not notify his clients of his suspension, he corresponded with them about medical releases and proposed depositions, and he advised the husband to ignore a court reporter's notice about an earlier deposition.

{¶ 3} In May 2001, after his clients were unable to reach respondent because his office telephone had been disconnected, the couple learned from relator that respondent's license had been suspended and that he had been engaging in the unauthorized practice of law. In a letter to respondent, the couple discharged him and asked him to forward their case file to another attorney. Notwithstanding his suspension and discharge, respondent contacted the wife to assure her that he was "on top of" the couple's ·case and to advise them to make arrangements to attend the proposed depositions. In July 2001, the common pleas court sent notice of a pretrial conference to the couple and respondent, and the master commissioner concluded that respondent had also failed to formally withdraw from the couple's personal injury case.

{¶ 4} The master commissioner found that this conduct violated DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (conduct prejudicial to the administration of justice), and (6) (conduct adversely reflecting on an attorney's fitness to practice law); and 3–101(B) (unauthorized practice of law).

{¶ 5} With respect to another count in the complaint, the master commissioner found that respondent had also continued to represent a different client in a personal-injury action. On May 29, 2001, respondent again violated the order suspending his license by filing a motion for extension of time to respond to a motion for summary judgment. Respondent represented in that motion that he was the plaintiff's attorney, and although he advised the court of his suspension in the supporting memorandum, he never withdrew from the case, no substitution of counsel was entered, and the motion for summary judgment was granted.

{¶ 6} The master commissioner found that this conduct constituted a second violation of DR 3–101(B).

{¶ 7} The other two counts of the complaint alleged that respondent had failed to cooperate in relator's investigation of these grievances. Respondent contacted investigators several times in writing and by telephone; however, he did not supply information in response to letters of inquiry, comply with a subpoena for his deposition, or appear at hearings to show cause why a formal complaint should not be issued. The master commissioner found that respondent had thereby twice violated Gov.Bar R. V(4)(G).

{¶ 8} In recommending a sanction for this misconduct, the master commissioner determined that respondent's pattern of misconduct, multiple offenses, uncooperativeness, deceptive practices during the disciplinary process, and refusal to acknowledge the wrongfulness of his actions were aggravating factors. Section 10(B)(1) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court. No mitigating factors were presented. Thus,

the master commissioner recommended that respondent's license be suspended indefinitely from the practice of law, so that his reinstatement, if it occurs, will be subject to the rigorous conditions in Gov.Bar R. V(10). The board adopted the master commissioner's findings of misconduct and recommendation.

{¶ 9} We agree that respondent committed the cited misconduct and that an indefinite suspension is appropriate. In *Akron Bar Assn. v. Barron* (1999), 85 Ohio St.3d 167, 707 N.E.2d 850, we suspended indefinitely the license of an attorney who had practiced law in violation of our ordered sanction for his noncompliance with CLE requirements and who had also failed to cooperate in the investigation of this misconduct. The same sanction is warranted here. Respondent is therefore suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

David F. Cooper and Mark S. Barnes, for relator.