DISCIPLINARY COUNSEL *v.* FREEMAN.

[Cite as *Disciplinary Counsel v. Freeman*,

126 Ohio St.3d 389, 2010-Ohio-3824.]

*Attorneys at law — Misconduct — Continuing to practice law after suspension —*

*Failure to notify court of suspension — Indefinite suspension.*

(No. 2010-0346 — Submitted April 20, 2010 — Decided August 24, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-008.

_____

**Per Curiam**.

{¶ 1} Respondent, Henry Roosevelt Freeman of Tallmadge, Ohio, Attorney Registration No. 0022713, was admitted to the practice of law in Ohio in 1981. On August 13, 2008, this court imposed a one-year suspension with six months stayed on conditions based upon respondent's failure to maintain proper accounting of client funds and his improper use of trust accounts as personal checking accounts. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent from the practice of law based upon his (1) continued representation of two clients during his suspension and (2) failure to notify opposing counsel or the court of his suspension. Neither party has objected to the board's report. For the reasons that follow, we agree that respondent's actions violated the Rules of Professional Conduct and that an indefinite suspension, with reinstatement conditioned upon his compliance with the conditions set forth in his prior disciplinary action, is appropriate.

**Misconduct**

**{¶ 3}** As part of respondent's suspension order in his prior disciplinary case, this court ordered respondent to immediately cease the practice of law in any form; forbade him to appear on behalf of another before any court, judge, commission, board, administrative agency, or any other public authority; ordered him to notify all opposing counsel and unrepresented parties of his suspension within 30 days; and ordered him to file a notice of disqualification with each court in which he had a matter pending.

**{¶ 4}** While the board made no finding in this regard, respondent admitted that he had received actual notice of his suspension from the practice of law and that he had read this court's opinion in that case. Although he denied having received or read a copy of the court's order of suspension, and no evidence in this record establishes that respondent was served with that order, respondent conceded that he had received several certified mailings from this court but that he "probably did not open [them] up." In any event, the duties of a suspended attorney are stated in Gov.Bar R. V(8)(E), of which respondent is charged with notice.

**{¶ 5}** In a two-count complaint, relator, Disciplinary Counsel, charged respondent with continuing to represent clients after this court suspended his license to practice law and failing to notify either opposing counsel or the courts of his suspension. A panel of the Board of Commissioners on Grievances and Discipline conducted a hearing and issued a report containing findings of fact, conclusions of law, and a recommendation.

**{¶ 6}** With respect to count one, the panel and board found that respondent represented a client at a September 11, 2008 contested-custody hearing without informing his client, opposing counsel, or the court that his license had been suspended approximately one month earlier. On September 19, 2008, respondent went to inform the court that he would be late for the continued hearing due to his participation in another proceeding. The court, however, had

2

independently learned of his suspension and informed him that he could not appear on behalf of his client. Respondent admitted that the allegations in count one are true.

**{¶ 7}** With regard to count two, the panel and board found that respondent had appeared at a September 19, 2008 final pretrial hearing on behalf of a client. Without informing opposing counsel or the court's staff attorney of his suspension, respondent discussed possible settlement of the case. At the conclusion of that hearing, citing a disagreement with his client rather than his suspension from the practice of law, he orally moved the court for leave to withdraw as counsel. Both the panel and the board rejected respondent's self-serving claims that he was not representing his client as "simply not credible."

**{¶ 8}** Based upon these findings, the board concluded, and we agree, that clear and convincing evidence demonstrates that respondent's conduct in each of the two counts violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in "conduct that is prejudicial to the administration of justice" ), 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 5.5(a) (prohibiting a lawyer from practicing law in violation of the regulation of the legal profession in the jurisdiction) and Gov.Bar R. V(8)(E) (setting forth the duties of a disbarred or suspended attorney).

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on

Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 10} The panel and board found as aggravating factors that respondent had a prior disciplinary offense, had engaged in a pattern of misconduct involving multiple offenses, had failed to fully acknowledge the wrongfulness of his conduct by claiming that his actions with respect to count two did not constitute the practice of law, and had failed to comply with this court's August 13, 2008 suspension order requiring him to file an affidavit of compliance and pay the costs of that disciplinary action. See BCGD Proc.Reg. 10(B)(1)(a), (c), (d), and (g).

{¶ 11} While the board acknowledged respondent's testimony that he remained involved with the Ohio Lawyers Assistance Program ("OLAP") and was dealing with depression, the board noted that respondent offered no independent evidence of his current involvement with that program. The board therefore did not explicitly consider it as a factor in mitigation, and the board found no other mitigating factors. See BCGD Proc.Reg. 10(B)(2)(a) through (h).

{¶ 12} Having weighed respondent's conduct, the aggravating and mitigating circumstances, and the sanctions imposed in similar cases, the board recommended that we indefinitely suspend respondent from the practice of law. Further, as a condition to his reinstatement, the board recommended that respondent be required to comply with all the conditions set forth in his prior disciplinary action.

{¶ 13} We have stated, "The normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 436, 674 N.E.2d 1371. Relator, however, has not advocated disbarment and instead argues that we should indefinitely suspend respondent from the practice of law. In support of this lesser sanction, relator notes that in respondent's earlier disciplinary case, there was evidence that he had been

diagnosed with anxiety and depression and that it was his doctor's opinion that he was not yet capable of providing legal services because his recovery was incomplete.

{¶ 14} As the board observed, we have routinely imposed indefinite suspensions for attorneys who continued to practice law after we have suspended their licenses for CLE and registration violations. See, e.g., *Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070; *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872; *Akron Bar Assn. v. Barron* (1999), 85 Ohio St.3d 167, 707 N.E.2d 850. We have also imposed indefinite suspensions when attorneys have continued to practice law during license suspensions imposed for other forms of misconduct. See, e.g., *Columbus Bar Assn. v. Winkfield*, 107 Ohio St.3d 360, 2006-Ohio-6, 839 N.E.2d 924 (imposing an indefinite suspension on an attorney who practiced law during the suspension imposed in *Columbus Bar Assn. v. Winkfield* (2001), 91 Ohio St.3d 364, 745 N.E.2d 411, for multiple violations including neglect of client matters and failure to promptly pay funds to a client); and *Disciplinary Counsel v. Jackson* (1999), 86 Ohio St.3d 104, 712 N.E.2d 122 (imposing an indefinite suspension on an attorney who practiced law during a reciprocal suspension imposed following his suspension in Hawaii for misconduct requiring payment of restitution to clients).

{¶ 15} Having weighed respondent's conduct and the aggravating and mitigating factors and considered the sanctions imposed for comparable conduct, we agree that the proper sanction for respondent's misconduct is an indefinite suspension from the practice of law. Accordingly, Henry Roosevelt Freeman is indefinitely suspended from the practice of law in the state of Ohio. Before he may petition for reinstatement, respondent must comply with the following conditions: (1) extend his OLAP contract for at least two years from the date of our order in this case, (2) abide by the obligations imposed on him by his OLAP

contract, (3) continue his treatment for anxiety and depression and provide proof of his treatment and any other medical information that may be requested by his OLAP-contract monitor, and (4) refrain from any disciplinary violations.  Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Henry Roosevelt Freeman, pro se.

_____