TOLEDO BAR ASSOCIATION *v.* WOODLEY.

[Cite as *Toledo Bar Assn. v. Woodley,* **132 Ohio St.3d 120, 2012-Ohio-2458.**]

*Attorney misconduct, including failing to act with reasonable diligence in representing a client, failing to promptly refund any unearned fee upon the lawyer's withdrawal from employment, and knowingly failing to respond to a demand for information by a disciplinary authority during an investigation—Indefinite suspension.*

(No. 2011-1768—Submitted December 7, 2011—Decided June 7, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-005.

_____

**Per Curiam**.

{¶ 1}   Respondent, Robert Alan Woodley, whose last known address is in Toledo, Ohio, Attorney Registration No. 0021660, was admitted to the practice of law in Ohio in 1977.  We suspended his license on November 3, 2009, for his failure to register for the 2009-2011 biennium, and that suspension remains in effect.  *In re Attorney Registration Suspension of Woodley*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256.

{¶ 2}   On February 14, 2011, relator, Toledo Bar Association, filed a four-count complaint charging Woodley with professional misconduct arising from his neglect of several client matters, his failure to reasonably communicate with the affected clients or to refund unearned fees, his practicing law while his license was suspended, and his knowing failure to respond to the resulting disciplinary investigations.  The Board of Commissioners on Grievances and Discipline attempted to serve copies of the complaint on Woodley at the home and business addresses on file with the Office of Attorney Services, but one copy

was returned unclaimed, and the other was returned with a notation that Woodley had moved and left no forwarding address. On March 21, 2011, the board served the complaint on the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B).

{¶ 3} Woodley did not answer the complaint, and on August 15, 2011, relator moved for default judgment.

{¶ 4} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion, making findings of fact and misconduct and recommending that Woodley be indefinitely suspended from the practice of law. The board adopted the master commissioner's findings of fact and misconduct and his recommended sanction. We adopt the board's findings and indefinitely suspend Woodley from the practice of law in Ohio.

**Misconduct**

{¶ 5} Woodley's misconduct arises from his representation of Marvin and Sherry Varnes (Count One), Martin Garcia (Count Two), and Graviel Chavez (Count Three), and his failure to respond to the resulting disciplinary investigations (Count Four).

*The Varnes Matter*

{¶ 6} The Varneses paid Woodley a $1,250 retainer to initiate bankruptcy proceedings on their behalf in August 2008. Woodley did not return the Varneses' calls, never filed their bankruptcy petition, and did not refund their retainer.

{¶ 7} The master commissioner and the board found that Woodley had violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), and 1.16(e) (requiring a lawyer to promptly refund

any unearned fee upon the lawyer's withdrawal from employment). They found, however, that there was insufficient evidence to support the charged violation of Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee). Although the complaint charged Woodley with violating Prof.Cond.R. 8.4 (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, conduct that is prejudicial to the administration of justice, or any other conduct that adversely reflects on the lawyer's fitness to practice law), neither the master commissioner nor the board made any findings with respect to the allegation. We adopt the board's findings of fact and misconduct and hereby dismiss the charges alleging violations of Prof.Cond.R. 1.5 and 8.4 with respect to the Varnes matter.

### *The Garcia Matter*

{¶ 8} Garcia retained Woodley in January 2009 to probate his father's estate. In June 2009, Woodley demanded $500 for attorney fees, though he had not obtained approval of those fees from the probate court. On November 30, 2009, Woodley wrote to Garcia asking him to provide additional documents and another $800 in fees. But Woodley did not inform Garcia that his license had been suspended 27 days earlier. *In re Attorney Registration Suspension of Woodley*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. In December 2009, the probate court informed Garcia that he would be removed as executor of the estate if he did not file an account. Garcia's calls to Woodley were not returned. Thereafter, Garcia retained new counsel and successfully moved the court to remove Woodley from the case.

{¶ 9} The master commissioner and board found that Woodley's conduct in the matter violated Prof.Cond.R. 1.3, 1.4(a)(2), 1.5(a), 1.16(e), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), and 8.4(h) (prohibiting a

lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). They concluded, however, that relator had not proved an alleged violation of Prof.Cond.R. 1.15 (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property, and to maintain certain records regarding client funds entrusted to the lawyer's care) by clear and convincing sworn or certified evidence as required by Gov.Bar R. V(6)(F). We adopt the board's findings of fact and misconduct with respect to the Garcia matter and dismiss the charge alleging a violation of Prof.Cond.R. 1.15.

*The Chavez Matter*

{¶ 10} Chavez retained Woodley in August 2008 to represent him in a bankruptcy matter and paid him $510, with the understanding that he would be billed an additional $649 at the conclusion of the matter. Woodley never filed a bankruptcy petition on Chavez's behalf. Chavez retained new counsel in October 2009 to pursue his bankruptcy. Woodley then billed him for the $649 remaining on the agreed fee and refused to return the $510 that Chavez had already paid.

{¶ 11} Based upon these facts, the master commissioner and board found that Woodley had violated Prof.Cond.R. 1.3, 1.4(a)(2), 1.16(e), and 8.4(h). They found, however, that the alleged violations of Prof.Cond.R. 1.5 and 1.15 had not been substantiated with clear and convincing evidence as required by Gov.Bar R. V(6)(F). We adopt these findings of fact and misconduct and hereby dismiss the charges alleging violations of Prof.Cond.R. 1.5 and 1.15 with respect to the Chavez matter.

*Failure to Cooperate in the Disciplinary Investigations*

{¶ 12} In its complaint, relator charged Woodley with a fourth count, alleging that he had violated Prof.Cond.R. 8.1(b) by failing to respond to demands for information regarding the foregoing client grievances. In its motion for default judgment, relator alleges that Woodley was notified of the grievances filed by the Varneses, Garcia, and Chavez. The sworn documentary evidence included

with relator's motion, including the affidavits of bar counsel and two investigators, as well as other documents incorporated therein, shows that relator sent four letters by ordinary mail to Woodley's registered address, informing him of the various grievances filed against him and requesting his response. The letters were not returned, and Woodley did not respond to them.

{¶ 13} On August 18, 2010, relator sent two identical letters to Woodley at his home address advising him of relator's intent to file a complaint with the board; one was sent by regular mail and the other by certified mail. The letter sent by regular mail was not returned, but the certified letter was returned unclaimed, with the number "1320" crossed out of the street address and the number "1321" handwritten next to it. And when relator sent the complaint to the board, it also sent a courtesy copy of the cover letter and the complaint to Woodley. The letter and complaint were returned marked "moved, left no address."

{¶ 14} We find that the evidence clearly and convincingly demonstrates that Woodley violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation).

### Sanction

{¶ 15} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 16} There is no evidence of any mitigating factors in the record. *See* BCGD Proc.Reg. 10(B)(2). The evidence submitted with relator's motion for

default shows that at least six of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present: (a) a prior disciplinary offense, (c) a pattern of misconduct, (d) multiple offenses, (e) lack of cooperation in the disciplinary process, (g) refusal to acknowledge the wrongful nature of the conduct, (h) the vulnerability of and resulting harm to victims of the misconduct, and (i) failure to make restitution.

{¶ 17} Noting that Woodley had committed multiple offenses and that his misconduct had resulted in actual prejudice to the affected clients and the administration of justice, the master commissioner and board adopted relator's recommended sanction of an indefinite suspension.

{¶ 18} We have consistently recognized that a lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio. *See, e.g., Columbus Bar Assn. v. Harris*, 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, ¶ 22; *Cleveland Bar Assn. v. Judge*, 94 Ohio St.3d 331, 332, 763 N.E.2d 114 (2002); *Akron Bar Assn. v. Snyder*, 87 Ohio St.3d 211, 212, 718 N.E.2d 1271 (1999). We have also routinely imposed indefinite suspensions on attorneys who have continued to practice law after their licenses have been suspended for CLE and registration violations. *See, e.g., Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070; *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872; *Akron Bar Assn. v. Barron*, 85 Ohio St.3d 167, 707 N.E.2d 850 (1999).

{¶ 19} Woodley neglected three client matters, failed to reasonably communicate with his clients, and failed to return client retainers when he failed to perform their work. He has also continued to practice law while under a registration suspension by requesting additional documents and fees from his clients without advising them of his ongoing suspension, and he failed to cooperate in the investigation of this misconduct. Having considered the

aggravating factors, the absence of any mitigating factors, and the sanctions for comparable conduct, we conclude that an indefinite suspension is the appropriate sanction for Woodley's conduct.

{¶ 20} Accordingly, Robert Alan Woodley is indefinitely suspended from the practice of law in the state of Ohio. Costs are taxed to Woodley.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael A. Bonfiglio, Bar Counsel; Marshall & Melhorn, L.L.C., and John A. Borell Jr.; and Cubbon & Associates Co., L.P.A., and Kyle Alison Cubbon, for relator.

_____