**DISCIPLINARY COUNSEL *v.* SEABROOK**.

**[Cite as *Disciplinary Counsel v. Seabrook,***

**133 Ohio St.3d 97, 2012-Ohio-3933.]**

*Attorneys—Misconduct—Practicing law in violation of jurisdictional regulations—Engaging in conduct prejudicial to the administration of justice—Failing to respond to request for information from a disciplinary authority during an investigation—Two-year suspension, with one year stayed on conditions.*

(No. 2011-2049—Submitted January 18, 2012—Decided September 6, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 10-089.

_____

**Per Curiam**.

{¶ 1} Respondent, Eric Maurice Seabrook of Columbus, Ohio, Attorney Registration No. 0069118, was admitted to the practice of law in Ohio in 1998. Seabrook's license to practice law was suspended from December 2, 2005, through March 1, 2006, for his failure to comply with the attorney-registration requirements of Gov.Bar R. VI. *In re Attorney Registration Suspension of Seabrook*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; *In re Seabrook*, 108 Ohio St.3d 1491, 2006-Ohio-1050, 843 N.E.2d 796. We imposed a second registration suspension on November 3, 2009, and Seabrook's license was reinstated on March 5, 2010. *In re Attorney Registration Suspension of Seabrook*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256; *In re Seabrook*, 126 Ohio St.3d 1603, 2010-Ohio-4979, 935 N.E.2d 48.[1]

_____

1. We have also assessed monetary sanctions for Seabrook's failure to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X. *In re Seabrook*, 88 Ohio

**{¶ 2}** On October 11, 2010, relator, disciplinary counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline. The complaint alleged that Seabrook continued to practice law by representing two clients during his second attorney-registration suspension and failed to cooperate in the ensuing disciplinary investigations in violation of Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 5.5(b)(2) (prohibiting a lawyer who is not admitted to practice in this jurisdiction from holding himself out as admitted), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

**{¶ 3}** The panel and board adopted the parties' stipulations of fact and misconduct, and recommend that Seabrook be suspended from the practice of law for two years, with the entire suspension stayed on conditions. We adopt the board's findings of fact and misconduct but find that a two-year suspension with the second year stayed on the conditions recommended by the board is the appropriate sanction for Seabrook's misconduct.

---

St.3d 1401, 722 N.E.2d 1029 (2000); *In re Seabrook*, 109 Ohio St.3d 1414, 2006-Ohio-1911, 846 N.E.2d 52; *In re Seabrook*, 124 Ohio St.3d 1402, 2009-Ohio-6833, 918 N.E.2d 1010. Pursuant to Gov.Bar R. X(5)(C), however, we do not consider an attorney's failure to comply with CLE requirements in the imposition of a sanction under Gov.Bar R. V(8).

**Misconduct**

*Count One—David Tye*

{¶ 4} Unaware that Seabrook's license to practice law was under suspension, David Tye paid Seabrook $400 to represent him in an administrative child-support matter. On February 25, 2010, Seabrook appeared before a magistrate in the Franklin County Domestic Relations and Juvenile court on Tye's behalf. While preparing his decision, the magistrate reviewed this court's website and discovered Seabrook's suspension. The magistrate declared a mistrial and set the matter for a new hearing. Thereafter, Tye represented himself in the proceedings.

{¶ 5} On March 3, 2010, the magistrate submitted a grievance to relator. Two days later, Seabrook's license was reinstated. Relator sent a letter of inquiry to Seabrook at the residence address listed in his attorney-registration records, but the envelope was returned unclaimed, and relator received no response from Seabrook.

*Count Two—Herb James*

{¶ 6} On February 17, 2010, Seabrook represented Herb James in an eviction proceeding in the Franklin County Municipal Court. Seabrook and James ultimately dismissed the action that day because the proper corporate plaintiff had not been named in the complaint. Danny Bank, Clinical Administrator and Staff Counsel for the Ohio Legal Clinic, and Brittney Hensley, a legal intern, agreed to prepare a lease addendum on behalf of their client, the tenant, to avoid any future landlord-tenant disputes. When Hensley accessed this court's website on March 5, 2010, to obtain Seabrook's contact information, she discovered that Seabrook's license had been suspended from November 3, 2009, until March 5, 2010. Bank and Hensley sent Seabrook a letter giving him until March 31, 2010, to self-report his violation of the Rules of Professional Conduct, but they did not hear from him.

**{¶ 7}** On April 14, 2010, Hensley filed a grievance against Seabrook with relator. Relator sent Seabrook a letter of inquiry at the residence address listed in his attorney-registration records, but the envelope was returned unclaimed, and relator received no response from Seabrook. The parties have stipulated and the board has found that Seabrook's conduct with respect to counts one and two violated Prof.Cond.R. 5.5(a), 5.5(b)(2), 8.1(b), 8.4(d), and 8.4(h), and Gov.Bar R. V(4)(G). We adopt the board's findings of fact and misconduct.

**Sanction**

**{¶ 8}** In recommending a sanction, the panel and board considered Seabrook's conduct, the aggravating and mitigating factors listed in BCGD Proc.Reg. 10, and the sanctions we have imposed for similar misconduct. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

**{¶ 9}** The only aggravating factors found by the board were Seabrook's prior registration suspensions. *See* BCGD Proc.Reg. 10(B)(1)(a). With respect to mitigation, the board noted that there was no evidence that any of Seabrook's clients were harmed by his misconduct or that he had acted with a dishonest or selfish motive. *See* BCGD Proc.Reg. 10(B)(2)(b). Indeed, Seabrook repeatedly testified that his misconduct was the result of his own lack of diligence. At his deposition, he indicated that he had been diagnosed with depression and attention deficit disorder and had received counseling and prescription medication for these disorders from time to time. But he did not offer any evidence to demonstrate that his diagnoses should be afforded any mitigating effect pursuant to BCGD Proc.Reg. 10(B)(2)(g). Nor did he offer any evidence of his character or reputation in the community.

**{¶ 10}** Relator recommends a one-year suspension with six months stayed on the condition that Seabrook attend continuing legal education ("CLE") focused on the issues of practice management and time management. Seabrook, on the

other hand, argues that a six-month or one-year fully stayed suspension on the condition that he submit to monitored probation is a more appropriate sanction.

{¶ 11} In recommending that Seabrook be suspended from the practice of law for two years, with the entire suspension stayed on conditions, the panel cited *Disciplinary Counsel v. Lape*, 130 Ohio St.3d 273, 2011-Ohio-5757, 957 N.E.2d 772. In *Lape*, we imposed a six-month suspension, all stayed on conditions, on an attorney who neglected a client's bankruptcy matter, failed to safeguard and return a client's property, and failed to cooperate in the resulting disciplinary investigation. The board questioned the relevance of the case in determining the appropriate sanction for Seabrook's misconduct because there was no allegation that Lape had practiced law during her attorney-registration suspension. Nonetheless, the board adopted the panel's recommended sanction of a two-year suspension, all stayed on the following conditions: (1) that Seabrook enter into a two-year Ohio Lawyers Assistance Program ("OLAP") contract, (2) that a mentor be appointed to help Seabrook with law-office practices, time management, and other strategies for running a successful practice, (3) that Seabrook take at least six hours of CLE courses relating to law-office practice and time management, and (4) that he commit no further misconduct. Neither party has objected to this recommendation.

{¶ 12} We have stated, "The normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury*, 77 Ohio St.3d 433, 436, 674 N.E.2d 1371 (1997). But we have routinely imposed indefinite suspensions for attorneys who continued to practice law after we had suspended their licenses for CLE and registration violations. *See, e.g., Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070; *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872; *Akron Bar Assn. v. Barron*, 85 Ohio St.3d 167, 707 N.E.2d 850 (1999).

**{¶ 13}** In *Disciplinary Counsel v. Blackwell*, 79 Ohio St.3d 395, 397, 683 N.E.2d 1074 (1997), however, we imposed a two-year suspension with the second year stayed on the license of an attorney who had practiced while under suspension, finding that most of his violations occurred during his successful recovery from alcoholism. And in *Disciplinary Counsel v. Bancsi*, 79 Ohio St.3d 392, 394, 683 N.E.2d 1072 (1997), recognizing the attorney's prompt attempt to cure the CLE deficiency that had resulted in his suspension, his immediate payment of the outstanding fines, and the brief—five-week—duration of his CLE suspension, we imposed a one-year suspension with six months stayed on the license of an attorney who continued to practice while under suspension.

**{¶ 14}** Here, Seabrook's misconduct includes his continued practice of law during his registration suspension and his initial failure to cooperate in the ensuing disciplinary investigation. He admits that his misconduct was due to his own lack of diligence, which appears to have been an issue at various times throughout his practice and has continued through these disciplinary proceedings—as demonstrated by his unexcused tardiness at the panel hearing. It appears that no clients suffered grave or irreparable harm as a result of Seabrook's practice during his registration suspension—though their cases were undoubtedly delayed—and that he did not act with dishonest or selfish motives. We do not take the recommendations of the panel and board lightly, but given the sanctions we have imposed for similar misconduct and our ongoing concerns about Seabrook's mental health since he stopped taking his medications in 2010, we conclude that an actual suspension from the practice of law is warranted.

**{¶ 15}** Accordingly, we suspend Eric M. Seabrook from the practice of law for two years, with the second year stayed on the conditions that he (1) enter into a two-year OLAP contract and fully comply with all OLAP recommendations, (2) attend at least six hours of CLE in law-office management in addition to the requirements of Gov.Bar R. X, and (3) commit no further

misconduct. Upon resuming the practice of law, Seabrook shall serve one year of monitored probation in accordance with Gov.Bar R. V(9). If respondent fails to comply with the conditions of the stay, the stay shall be lifted, and respondent shall serve the full two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would impose a two-year stayed suspension.

MCGEE BROWN, J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Eric M. Seabrook, pro se.

_____