Disciplinary Counsel *v.* Eisler.

[Cite as *Disciplinary Counsel v. Eisler,*
143 Ohio St.3d 51, 2015-Ohio-967.]

(No. 2014–0970—Submitted August 20, 2014—Decided March 18, 2015.)

**Per Curiam.**

{¶ 1} Respondent, David Charles Eisler of Seattle, Washington, Attorney Registration No. 0020362, was admitted to the practice of law in Ohio in 1980.

{¶ 2} On September 11, 2013, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified to the board a single-count complaint filed against Eisler by relator, disciplinary counsel. In that complaint, relator alleged that Eisler had violated the Rules of Professional Conduct by appearing and presenting oral argument on behalf of an appellant before the Ninth District Court of Appeals while his license was under suspension for failure to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X. Eisler admitted in his answer that he engaged in the charged misconduct.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that Eisler should be suspended from the practice of law for six months for appearing and presenting oral argument before the Ninth District Court of Appeals while knowing that his license was under suspension.

{¶ 4} Having considered Eisler's conduct, the relevant aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, the panel recommended that Eisler be suspended for two years with the second year stayed on conditions. The board adopted the panel's report in its entirety. No one has objected to the board's report.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

{¶ 5} We adopt the board's findings of fact and misconduct and agree that a two-year suspension with the second year stayed on conditions is the appropriate sanction for Eisler's misconduct.

## Procedural History and Misconduct

{¶ 6} Eisler's license to practice law in Ohio was suspended on November 13, 2012, for his failure to timely comply with the CLE requirements of Gov.Bar R. X. *See In re Continuing Legal Edn. Suspension of Eisler,* 133 Ohio St.3d 1472, 2012-Ohio-5238, 978 N.E.2d 198. That suspension remains in effect, and on September 1, 2013, Eisler registered his license as inactive.[2]

{¶ 7} The board found that Eisler received notice of his CLE suspension on November 20, 2012—the Tuesday before the Thanksgiving holiday. He was scheduled to appear and present oral argument on behalf of a client in the Ninth District Court of Appeals on Tuesday, November 27, 2012. The court was closed on November 22 and 23, 2012, for the Thanksgiving holiday. Concluding that any pleading he would file with the court to address his suspension would not be processed until after the oral argument had occurred, Eisler decided to travel to Ohio to appear before the court and address it in person.

{¶ 8} Eisler appeared before the Ninth District Court of Appeals on November 27, 2012, and presented argument on behalf of the appellant, making no mention of the fact that his license to practice law in Ohio was under suspension. In an affidavit attached to the parties' revised stipulations, Eisler averred that (1) his client, who was and continued to be his employer, was aware that he was delinquent in completing his CLE requirements, but was not aware that his license had been suspended, (2) he had the opportunity to address the court and disclose the fact that he had been suspended, but "chose to rely on reflex and commence to present the oral argument", (3) he expected opposing counsel to disclose to the court that he had argued the case while his license was suspended, and (4) opposing counsel made such a disclosure before presenting her oral argument. Upon learning of his suspension, the appellate court denied him the opportunity to present a rebuttal argument on behalf of his client. The administrative judge for the court reported his misconduct to disciplinary counsel.

---

2. From 1993 through 2010, Eisler was monetarily sanctioned at least four times for his failure to timely comply with the CLE requirements of Gov.Bar R. X. *See, e.g., In re Continuing Legal Edn. Sanction of Eisler,* 85 Ohio St.3d 1418, 707 N.E.2d 509 (1999); *In re Continuing Legal Edn. Sanction of Eisler,* 98 Ohio St.3d 1426, 2003-Ohio-318, 782 N.E.2d 583; *In re Continuing Legal Edn. Sanction of Eisler,* 120 Ohio St.3d 1431, 2008-Ohio-6326, 897 N.E.2d 662; and *In re Continuing Legal Edn. Sanction of Eisler,* 127 Ohio St.3d 1467, 2010-Ohio-6302, 938 N.E.2d 368.

{¶ 9} After Eisler answered relator's complaint and admitted the charged misconduct, the parties submitted a consent-to-discipline agreement and then an amended consent-to-discipline agreement that the panel rejected.

{¶ 10} Following a prehearing telephone conference, the parties submitted agreed stipulations of fact and law and moved to waive the panel hearing. The panel chair denied the motion, noting that the parties' stipulation that Eisler did not have a prior disciplinary record was inconsistent with this court's records, which reflect that from 2005 through 2009, Eisler's license was suspended and subsequently reinstated on three separate occasions for his failure to timely register as an attorney. *See In re Attorney Registration Suspension of Eisler*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671, and *In re Reinstatement of Eisler*, 109 Ohio St.3d 1429, 2006-Ohio-2065, 846 N.E.2d 858; *In re Attorney Registration Suspension of Eisler*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305, and *In re Reinstatement of Eisler*, 116 Ohio St.3d 1498, 2008-Ohio-290, 880 N.E.2d 97; *In re Attorney Registration Suspension of Eisler*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256, and *In re Reinstatement of Eisler*, 126 Ohio St.3d 1603, 2010-Ohio-4979, 935 N.E.2d 48. Concluding that additional evidence was necessary for the panel to determine the appropriate weight to assign to Eisler's prior disciplinary record as an aggravating factor, the panel chair set a hearing for March 10, 2014.

{¶ 11} The parties jointly moved for reconsideration of the motion to waive the hearing and submitted revised stipulations of fact and law in which they modified the aggravating factors to include Eisler's prior registration suspensions. The panel chair denied the motion for reconsideration, citing the need for the panel to "examine Respondent under oath to assist with the panel's obligation to determine the appropriate sanction for Respondent's admitted misconduct." While the panel chair granted Eisler's motion to continue the March 10, 2014 hearing to permit him to retain counsel, the chair denied his second motion for a continuance—submitted just one day before the April 3, 2014 hearing—which alleged that he did not have money to retain counsel or pay for his travel to Ohio for the hearing. However, Eisler did not appear for the hearing.

{¶ 12} Based on these undisputed facts, the board found that relator had proven by clear and convincing evidence that Eisler violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) but recommended that we dismiss an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) that relator sought to withdraw. We adopt

the board's findings of fact, find that Eisler's conduct violated Prof.Cond.R. 5.5(a) and 8.4(d), and dismiss the alleged violation of Prof.Cond.R. 8.4(h).

## Sanction

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).[3] *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} The board noted that Eisler engaged in a single instance of misconduct and that he acknowledged the wrongful nature of his misconduct. However, the board found that Eisler acted with a dishonest and selfish motive—an aggravating factor—because he made a conscious decision to appear before the court of appeals and argue on behalf of his client while remaining silent as to his suspension. *See* BCGD Proc.Reg. 10(B)(1)(b). The board also found that while Eisler admitted his misconduct and reached an agreement with relator regarding the appropriate sanction, he sought two last-minute continuances—the first claiming that he wished to seek counsel and the second claiming that he could neither afford to retain counsel nor travel to Ohio for the hearing—and failed to appear before the panel. Therefore, contrary to the parties' stipulations, the board found that Eisler failed to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(e). The board also found that his three attorney-registration suspensions constitute prior disciplinary offenses and are an additional aggravating factor pursuant to BCGD Proc.Reg. 10(B)(1)(a).

{¶ 15} We have stated that "[t]he normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury,* 77 Ohio St.3d 433, 436, 674 N.E.2d 1371 (1997). However, citing a number of cases in which we have imposed lesser sanctions for attorneys who have engaged in the practice of law while their licenses have been suspended, the parties stipulated that a six-month suspension is the appropriate sanction for Eisler's misconduct. *See, e.g., Disciplinary Counsel v. Bancsi,* 79 Ohio St.3d 392, 394, 683 N.E.2d 1072 (1997) (imposing a one-year suspension with six months stayed on an attorney who practiced law while his license was suspended, where mitigating factors included the attorney's prompt effort to cure the CLE deficiency, immediate payment of the outstanding fine, and the short duration of the attorney's suspension).

---

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 16} Because the record does not contain evidence of significant mitigating factors—such as Eisler's character and reputation apart from the charged misconduct or evidence of a chemical dependency or mental disability that may have contributed to his misconduct—the board recommends that we suspend Eisler for two years with the second year stayed on the conditions that he satisfy all of the requirements to be reinstated to active status, that he commit no further misconduct, and that he pay the costs of this matter.

{¶ 17} We have routinely imposed indefinite suspensions on attorneys who have continued to practice law while under suspension for CLE and registration violations and who have then failed to respond to the ensuing disciplinary investigation. *See Disciplinary Counsel v. Freeman*, 126 Ohio St.3d 389, 2010-Ohio-3824, 934 N.E.2d 328, ¶ 14, citing, *e.g., Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070; *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872; *Akron Bar Assn. v. Barron*, 85 Ohio St.3d 167, 707 N.E.2d 850 (1999). In some of those cases, however, the relator obtained a default judgment after the respondent failed to respond to the disciplinary investigation and failed to appear in the board proceedings. In contrast, Eisler responded to relator's initial letter of inquiry and admitted his ethical lapse, promptly answered the formal complaint and admitted all of the allegations contained therein, worked with relator to submit two proposed (but rejected) consent agreements, and submitted stipulations of fact, misconduct, and aggravation and mitigation as well as a proposed sanction. Although Eisler failed to appear for the disciplinary hearing despite the panel's expressed desire to hear his testimony, his conduct is not as egregious as that of the attorneys who completely failed to participate in the disciplinary process and who received indefinite suspensions for their misconduct. Therefore, we find that the board's recommendation of a two-year suspension with the second year stayed on conditions strikes the proper balance of protecting the public while deterring future misconduct.

{¶ 18} Accordingly, David Charles Eisler is suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that he engage in no further misconduct and satisfy all requirements to be reinstated to active status. If Eisler fails to comply with these conditions, the stay will be revoked and he will serve the full two-year suspension. Costs are taxed to Eisler.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., dissents and would indefinitely suspend the respondent from the practice of law in Ohio.

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

David Charles Eisler, pro se.