**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Weber,* **Slip Opinion No. 2017-Ohio-9243.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9243

CINCINNATI BAR ASSOCIATION *v.* WEBER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Weber,* Slip Opinion No. 2017-Ohio-9243.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the Rules for the Government of the Bar—Two-year suspension with second year stayed on conditions.*

(No. 2017-1084—Submitted September 13, 2017—Decided December 28, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-057.

_____

**Per Curiam.**

{¶ 1} Respondent, John Patrick Weber, last known business address in Cincinnati, Ohio, Attorney Registration No. 0076164, was admitted to the practice of law in Ohio in 2003. On December 10, 2015, we suspended his license for failing to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar

R. X. We reinstated him on January 25, 2016. *In re Weber*, 144 Ohio St.3d 1466, 2016-Ohio-240, 44 N.E.3d 293.

{¶ 2} In November 2016, relator, Cincinnati Bar Association, charged Weber with practicing law during his CLE suspension and other professional misconduct. Weber initially participated in the disciplinary process by meeting with relator, appearing for a deposition, and answering the original complaint. However, he failed to appear for his disciplinary hearing. The Board of Professional Conduct concluded that he engaged in the charged misconduct and recommends that we suspend him for two years, with the second year stayed on conditions. Neither party has objected to the board's recommendation.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

*Count I—Practicing while under a CLE suspension*

{¶ 4} As noted above, we suspended Weber on December 10, 2015, for failing to complete his required number of CLE hours. This court sent notice of the suspension to the address that Weber had registered with the Office of Attorney Services. Weber, however, had moved in 2011 and had failed to advise the court of his new address.

{¶ 5} During his disciplinary proceedings, Weber admitted that in early January 2016—while he was under suspension but before receiving notice of the suspension—he had represented multiple clients in Hamilton County courts. Based on this conduct, the board found that by failing to notify the Office of Attorney Services of changes to his contact information, he violated Gov.Bar R. VI(4)(B) (requiring attorneys to notify the Office of Attorney Services of any change in the information recorded on their certificates of registration) and that by representing clients while under suspension, he engaged in the unauthorized practice of law, *see* Gov.Bar R. VII(2)(A)(3)(d) (defining the unauthorized practice of law as rendering

legal services for another by any person admitted to the practice of law in Ohio while the person is suspended for failure to satisfy CLE requirements); Gov.Bar R. VII(2)(A)(4) (defining the unauthorized practice of law as the holding out to the public or otherwise representing oneself as authorized to practice law in Ohio by a person not so authorized); Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

*Count II—Client-trust-account violations*

{¶ 6} At Weber's deposition, he testified that he had closed his client trust account in 2013. However, at Weber's disciplinary hearing, relator submitted evidence showing that Weber's trust account had, in fact, remained open, with a running balance of $312.30. Relator also submitted evidence showing that when Weber registered for the 2015-2017 biennium, he failed to report the existence of the trust account and instead indicated that he was not required to maintain such an account. And one of relator's investigators testified that during the disciplinary process, Weber admitted that he had (1) received flat fees from the clients that he had represented while under his CLE suspension and (2) received those fees in advance of completing the work. Weber's trust-account records, however, show that he did not deposit any of those client funds into the account.

{¶ 7} Accordingly, the board found that Weber violated Gov.Bar R. VI(4)(D) (requiring attorneys to provide information about their client trust accounts—or as to the basis for any exemption from maintaining such an account—on their certificates of registration) and Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance).

*Count III—Malpractice insurance*

**{¶ 8}** During the disciplinary proceedings, Weber also acknowledged that he had not maintained malpractice insurance since 2014 and that he had failed to notify his clients of that fact in writing. Weber therefore admitted and the board found that he had violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-liability insurance and obtain a signed acknowledgment of that notice from the client).

**{¶ 9}** We adopt the board's findings of misconduct in counts I, II, and III.

## Sanction

**{¶ 10}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

**{¶ 11}** As aggravating factors, the board found that Weber has a prior disciplinary record, committed multiple offenses, and failed to fully cooperate in the disciplinary process. *See* Gov.Bar R. V(13)(B)(1), (4), and (5). In mitigation, the board determined that he lacked a dishonest or selfish motive. *See* Gov.Bar R. V(13)(C)(2).

*Applicable precedent*

**{¶ 12}** We have recognized that "[t]he normal penalty for continuing to practice law while under suspension is disbarment." *Disciplinary Counsel v. Koury*, 77 Ohio St.3d 433, 436, 674 N.E.2d 1371 (1997). The board, however, recommends that we suspend Weber for two years, with the second year conditionally stayed, citing a number of cases in which we imposed lesser sanctions than disbarment on attorneys who engaged in the practice of law while under a CLE or attorney-registration suspension.

**{¶ 13}** For example, the board cited *Disciplinary Counsel v. Seabrook*, 133 Ohio St.3d 97, 2012-Ohio-3933, 975 N.E.2d 1013, in which an attorney appeared in court on behalf of two separate clients during his attorney-registration suspension and failed to initially respond to the relator's inquiries about the misconduct. As an aggravating factor, the attorney had two prior attorney-registration suspensions. In mitigation, the attorney's misconduct did not harm his clients and he did not act with a dishonest or selfish motive. Indeed, we noted that the attorney's misconduct was due to his own lack of diligence, which had continued throughout the disciplinary proceedings. *Id.* at ¶ 9, 14. Based on these facts, we suspended him for two years, with the second year stayed on conditions. *Id.* at ¶ 15.

**{¶ 14}** The board also cited *Disciplinary Counsel v. Eisler*, 143 Ohio St.3d 51, 2015-Ohio-967, 34 N.E.3d 99, in which an attorney appeared and presented oral argument before a court of appeals while under a CLE suspension. In mitigation, the attorney engaged in only the one instance of misconduct and acknowledged the wrongful nature of his actions. But as aggravating factors, he had three prior attorney-registration suspensions, he acted with a dishonest and selfish motive by making a conscious decision to appear before the court while knowing that his license was suspended, and he failed to appear for his disciplinary hearing. *Id.* at ¶ 14. As in *Seabrook*, we imposed a two-year suspension, with the second year conditionally stayed. *Id.* at ¶ 18.

**{¶ 15}** In this case, Weber not only practiced law while under a CLE suspension but also committed other professional misconduct. However, there is no evidence that he harmed any of his clients or that he acted with a dishonest or selfish motive. Indeed, the board found that after he learned about this suspension, he took immediate actions to resolve his CLE deficiencies and reinstate his license. We have previously considered such mitigating conduct to justify a less severe sanction. *See, e.g.*, *Disciplinary Counsel v. Bancsi*, 79 Ohio St.3d 392, 683 N.E.2d 1072 (1997) (imposing a one-year suspension with six months stayed on an attorney

who knowingly practiced law while under a CLE suspension when mitigating factors included the attorney's prompt effort to cure the CLE deficiency and short duration of his suspension).

{¶ 16} Because Weber failed to appear for his disciplinary hearing, the board agreed to increase relator's originally recommended sanction from a one-year suspension with six months conditionally stayed to a two-year suspension with one year conditionally stayed. Considering Weber's misconduct, the mitigating and aggravating factors, and the sanctions imposed in comparable cases, including *Eisler* and *Seabrook*, we conclude that the board struck the proper balance. We therefore adopt the board's recommended sanction.

## Conclusion

{¶ 17} For the reasons explained above, John Patrick Weber is suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that (1) within 90 days of this court's disciplinary order, he provide proof to relator that he properly distributed the remaining funds in his client trust account and (2) he commit no further misconduct. If Weber fails to comply with a condition of the stay, the stay will be lifted and he will serve the full two-year suspension. We condition any reinstatement on Weber's providing proof that he completed six hours of CLE on client-trust-account management, in addition to complying with the other requirements in Gov.Bar R. X. Costs are taxed to Weber.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents, with an opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 18} Respectfully, I dissent.

**{¶ 19}** Respondent not only practiced law while under a continuing legal education suspension but also failed to notify the Office of Attorney Services of changes to his contact information and testified falsely that he had closed his IOLTA account when in fact he had not done so. And he concealed that fact by failing to report it when he registered in 2015. In addition, he received client fees while under suspension and failed to deposit those fees into his client trust account, likely in furtherance of his concealment of his failure to close it.

**{¶ 20}** This is not conduct warranting a stayed suspension. I would suspend respondent for a period of 24 months.

_____

Rosemary D. Welsh, Amy S. Crotty, and Edwin W. Patterson III, Bar Counsel, for relator.

John P. Weber, pro se.

_____