OFFICE OF DISCIPLINARY COUNSEL *v.* JACKSON.

[Cite as *Disciplinary Counsel v. Jackson* (1999), 86 Ohio St.3d 104.]

(No. 97–1316—Submitted April 14, 1999—Decided July 7, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Dianna M. Anelli,* Assistant Disciplinary Counsel, for relator.

*Jonathan Michael Jackson, pro se.*

**Per Curiam.** We adopt the findings of the board. Because the parties stipulated to the violations, we also adopt the conclusion of the board that respondent violated DR 3–101(B) and Gov.Bar R. V(8)(E) and VI(6)(B), despite the fact that respondent was not charged with the violation of these rules in the disciplinary complaint with respect to his Pike County representation. We deem that respondent's review of and consent to the stipulated facts and the stipulated violations, and his agreed waiver of a hearing, satisfied the due process requirements of *In re Ruffalo* (1968), 390 U.S. 544, 550–551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122–123, as to these findings and conclusions. We also adopt the

recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

LUNDBERG STRATTON, **J., dissenting.** I dissent and would suspend respondent for one year.