[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 104.]

OFFICE OF DISCIPLINARY COUNSEL *v.* JACKSON.

[Cite as *Disciplinary Counsel v. Jackson*, 1999-Ohio-87.]

*Attorneys at law—Misconduct—Indefinite suspension—While under order of interim suspension, appearing as an attorney on behalf of a party in a contested divorce.*

(No. 97-1316—Submitted April 14, 1999—Decided July 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-25.

_____

{¶ 1} Respondent, Jonathan Michael Jackson of Columbus, Ohio, Attorney Registration No. 0038349, was licensed to practice both in Ohio and in Hawaii. In December 1992, the Supreme Court of Hawaii suspended him from the practice of law in that state for two years and ordered that he make restitution to various clients. In June 1993, under the reciprocal suspension provisions of Gov.Bar R. V(11)(F), we suspended respondent from the practice of law in Ohio for the duration of his Hawaii suspension and conditioned his reinstatement in Ohio on evidence of the full restitution ordered by the Supreme Court of Hawaii. *Disciplinary Counsel v. Jackson* (1993), 66 Ohio St.3d 338, 612 N.E.2d 1225.

{¶ 2} From August through December 1993, while under our order of interim suspension, respondent appeared as an attorney on behalf of a party in a contested divorce in Pike County, Ohio. In February 1995, relator, Office of Disciplinary Counsel, filed a complaint charging that this conduct of respondent violated several Disciplinary Rules. Respondent filed an answer denying all of the operative facts. After the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") was unable to serve notice of a hearing on the respondent, it granted the relator's motion for a default judgment. For procedural

reasons, we declined to adopt the findings, conclusion, and recommendation of the board, and remanded the matter for further proceedings. *Disciplinary Counsel v. Jackson* (1998), 81 Ohio St.3d 308, 691 N.E.2d 262.

{¶ 3} On remand, the parties waived a hearing before a panel of the board and stipulated that respondent was suspended from the practice of law both in Hawaii and Ohio; that he represented a party in a contested divorce in Pike County during the period of his Ohio suspension; and that this conduct violated DR 3-101(B) (practicing law in a jurisdiction where to do so would be a violation of the regulations of the profession in that jurisdiction), and Gov.Bar R. V(8)(E) (failure to perform the duties of a suspended attorney), and VI(6)(B) (disobedience of an order of suspension).

{¶ 4} After finding the facts as stipulated, the panel concluded that respondent had violated the rules as stipulated and recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Dianna M. Anelli*, Assistant Disciplinary Counsel, for relator.

*Jonathan Michael Jackson, pro se*.

_____

***Per Curiam.***

{¶ 5} We adopt the findings of the board. Because the parties stipulated to the violations, we also adopt the conclusion of the board that respondent violated DR 3-101(B) and Gov.Bar R. V(8)(E) and VI(6)(B), despite the fact that respondent was not charged with the violation of these rules in the disciplinary complaint with respect to his Pike County representation. We deem that respondent's review of and consent to the stipulated facts and the stipulated violations, and his agreed waiver of a hearing, satisfied the due process requirements of *In re Ruffalo* (1968),

390 U.S. 544, 550-551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122-123, as to these findings and conclusions.  We also adopt the recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 6} I dissent and would suspend respondent for one year.

————————————