[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 137.]

OFFICE OF DISCIPLINARY COUNSEL ET AL. *v*. CARSON.

[Cite as *Disciplinary Counsel v. Carson*, 2001-Ohio-1300.]

*Attorneys at law—Misconduct—Two-year suspension with one year suspended and credit for time not practicing law since May 8, 2000—Continuing to represent clients while suspended from the practice of law for failure to cure CLE deficiency.*

(No. 01-384—Submitted May 16, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-48.

_____

*Per Curiam.*

{¶ 1} On June 18, 1993, we suspended respondent, Edward Luke Carson of Girard, Ohio, Attorney Registration No. 0002642, from the practice of law for failure to cure the deficiency in his continuing legal education ("CLE") requirements for the 1990-1991 reporting period. *In re Report of the Comm. on Continuing Legal Edn.* (1993), 66 Ohio St.3d 1513, 1515, 614 N.E.2d 760, 762. Nevertheless, despite being suspended, respondent continued to represent clients until May 8, 2000, when he terminated his practice and informed the clients of his CLE suspension.

{¶ 2} On June 5, 2000, relators, Office of Disciplinary Counsel and Mahoning County Bar Association, filed a complaint charging that respondent's continuation of the practice of law during his suspension violated the Disciplinary Rules of the Code of Professional Responsibility. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based on stipulations and testimony at a hearing on December 5, 2000, the panel found that for the reporting period of 1990-1991, respondent had completed only 15.5 (*sic*) hours of his continuing legal education requirement, leaving him 9.5 (*sic*) hours short of meeting the requirement for that two-year period. In October 1992, the CLE Commission reported this discrepancy to the court and also found that respondent had not paid a sanction for a CLE reporting violation for the previous (1988-1989) reporting period. In late 1992, respondent submitted a check to the CLE Commission for $430 in payment of the delinquent sanction fee. The CLE Commission returned that check to him in December 1992, stating that the sanction for his failure to report CLE compliance for the 1998-1989 period was $205 plus a $50 late fee, and that upon payment of those amounts and a letter in lieu of transcript, the suspension would be deleted. The CLE Commission told respondent that he would then be required to pay a $280 sanction for the 9.5-hour deficit with respect to his 1990-1991 CLE hours. By the end of 1992, respondent had made up the deficiency in his continuing legal education hours for the 1990-1991 period. However, respondent did not pay the amounts, and on June 18, 1993, we suspended him from the practice of law and imposed a sanction of $430.

{¶ 4} On June 23, 1993, respondent submitted to the CLE Commission a letter in lieu of a late report, a check to satisfy his noncompliance for the 1988-1989 period, and a check to satisfy the $430 sanction imposed by our order of June 18, 1993, for the failure to meet the CLE requirements for the 1990-1991 reporting period. In the same letter, respondent indicated that he would file a petition for reinstatement. Although by midsummer he had paid all the fines imposed by the court, had submitted a letter in lieu of late report, and was current in his legal education requirements, respondent never filed the petition for reinstatement and continued to practice law.

**{¶ 5}** After being notified in late 1999 that he was practicing law in violation of our order of suspension, respondent checked with the CLE Commission. By May 8, 2000, respondent had ceased to practice law and had taken other steps to comply with our June 18, 1993 order.

**{¶ 6}** The panel concluded that respondent's conduct from June 18, 1993 through May 8, 2000, violated DR 3-101(B) (a lawyer shall not practice law in a jurisdiction where doing so is in violation of the regulations of that jurisdiction), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). The panel found in mitigation that respondent is a recovering alcoholic who has worked closely with the Ohio Lawyers Assistance Program, Inc. and that during the summer of 1993, respondent was having a difficult time due to his condition. The panel also found that respondent, who assumed that paying the fines was all he needed to do to comply with our June 1993 order, is currently, and has been since 1992, in full compliance with his CLE requirements. Finally, the panel heard testimony from a magistrate called under subpoena, and received more than twenty letters from attorneys and from judges written under subpoena testifying to the ability and good character of respondent. All confirmed that during the period after June 1993, respondent provided competent representation to his clients.

**{¶ 7}** The panel recommended that respondent be suspended from the practice of law for two years with one year of the suspension stayed. The board adopted the findings, conclusions, and recommendations of the panel.

**{¶ 8}** On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for two years with one year suspended and with credit for the time he has not practiced since May 8, 2000. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 9} I dissent from the majority's decision on actually suspending respondent for one year. Since the respondent seems to have recovered and turned his life around, is in full compliance with all payment of fines and CLE, and believed, mistakenly, that he was entitled to resume practice, I believe we gain nothing by removing respondent from practice. The respondent has had no other disciplinary complaint during those seven years. I believe we should suspend the two years and place respondent on probation with the condition that he keep current with all CLE requirements. Therefore, I respectfully dissent from the sanction imposed by the majority.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator Disciplinary Counsel.

*Ronald E. Slipski,* for relator Mahoning County Bar Association.

*Charles W. Kettlewell* and *Charles J. Kettlewell,* for respondent.

_____