DISCIPLINARY COUNSEL *v.* MACLEAN.

[Cite as *Disciplinary Counsel v. MacLean,*
106 Ohio St.3d 50, 2005-Ohio-3672.]

(No. 2004–2072—Submitted February 16, 2005—Decided August 3, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Timothy M. MacLean of Lakewood, Ohio, Attorney Registration No. 0069346, was admitted to the practice of law in Ohio in 1998. On December 8, 2003, relator, Disciplinary Counsel, charged that respondent had violated the Code of Professional Responsibility by practicing law after his license had been suspended for failure to comply with continuing legal education ("CLE") requirements. Respondent answered the complaint, admitting all the charged misconduct.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline heard the cause and accepted the parties' stipulated findings of fact and misconduct and recommended the parties' suggested sanction.

Misconduct

{¶ 3} On October 15, 1999, the Commission on Continuing Legal Education notified this court that respondent had failed to report his CLE activity for the 1997–1998 reporting period, see Gov.Bar R. X(6)(B)(1), and recommended a sanction of $150. On November 3, 1999, we ordered respondent to show cause why the sanction should not be imposed, and we sent certified notice of our order to the law firm where respondent worked. Respondent did not respond to our order, and on January 20, 2000, we fined respondent $150, to be paid within 30 days, again providing certified notice to respondent at his law firm. See 88 Ohio St.3d 1401, 1403, 722 N.E.2d 1029.

{¶ 4} On October 15, 2001, the Commission on Continuing Legal Education notified this court that respondent had failed to pay the $150 fine and was again in violation of Gov.Bar R. X, this time for failing to report his CLE activity for the 1999–2000 reporting period and failing to complete required CLE hours for

ethics, professionalism, and prevention of substance abuse. On November 16, 2001, we ordered respondent to show cause why we should not impose a $250 sanction, again sending certified notice to the law firm where respondent worked. Respondent did not respond to our order, and on April, 5, 2002, we suspended respondent's license to practice law and imposed the additional $250 fine, again providing certified notice of our order. See *In re Report of Comm. on Continuing Legal Edn.* (2002), 95 Ohio St.3d 1414, 766 N.E.2d 155.

{¶ 5} The April 5, 2002 order directed respondent to cease all appearances on behalf of clients, to stop advising clients and preparing client documents, and to notify all clients, all courts in which litigation was pending, and opposing counsel of his suspension. Between September and November 2002, however, respondent participated in depositions, attended a pretrial conference, and obtained the continuance of a trial date while representing the plaintiff in a personal-injury case. On October 31, 2002, opposing counsel in the case moved to disqualify respondent, citing his suspended status and failure to notify counsel of record. Respondent immediately ceased practicing law.

{¶ 6} Based on the stipulations and the panel's report, the board found that respondent had violated DR 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 2–110(B)(2) (requiring an attorney representing a client before a tribunal to withdraw if the attorney's continued employment will result in the violation of a disciplinary rule), and 3–101(B) (barring an attorney from practicing law in any jurisdiction in violation of professional regulations).

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievance and Discipline ("BCGD Proc. Reg.").

{¶ 8} The board found no aggravating factors. Respondent did not have a prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). Moreover, respondent did not act dishonestly or selfishly in failing to complete CLE and properly report his CLE record. As a comparatively new attorney, he simply did not pay attention to the CLE requirements and realized too late the consequences of his neglect. BCGD Proc.Reg. 10(B)(2)(b).

{¶ 9} Respondent was also cooperative and forthright in the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(d). Without attempting to excuse his misconduct, respondent apologetically explained that he did not actually receive our orders, perhaps because of the way mail was distributed at his law firm. The board observed that once respondent realized that his license had been suspend-

ed, he immediately stopped practicing law. Finally, the board was impressed that respondent's law firm continued to employ him as a law clerk during his suspension.

{¶ 10} Consistent with the parties' suggested sanction and the panel's recommendation, the board recommended that respondent be suspended from the practice of law for two years and that he be credited for time actually served under the suspension ordered on April 5, 2002. The board further recommended that respondent be considered eligible to immediately apply for reinstatement upon fulfilling all the requirements of Gov.Bar R. X.

{¶ 11} Upon review, we agree that respondent violated DR 1–102(A)(5), 2–110(B)(2), and 3–101(B), as found by the board. We also agree that a two-year suspension, with credit for time actually served under the suspension ordered on April 5, 2002, is appropriate.

{¶ 12} Respondent inadvertently neglected his CLE obligations due to inexperience. In a similar case, *Disciplinary Counsel v. Carson* (2001), 93 Ohio St.3d 137, 753 N.E.2d 172, we suspended another attorney for two years, staying one year and allowing credit for the year that he had ceased practicing on his own, because he had practiced while his license was under suspension for CLE noncompliance. That attorney had failed to realize, in part due to alcohol dependence, that he could not return to practice after paying his sanction without reapplying and readmission.

{¶ 13} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years; however, he is credited for time actually served under the suspension of April 5, 2002. Respondent is thus immediately eligible to apply for reinstatement to the practice of law in Ohio by fulfilling all relevant reinstatement requirements, including Gov.Bar R. V(10) and X(7). Costs are taxed to the respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Timothy Michael MacLean, pro se.