DISCIPLINARY COUNSEL *v*. MEYER, F.K.A. GEE.

[Cite as *Disciplinary Counsel v. Meyer,* 134 Ohio St.3d 180, 2012-Ohio-5487.]

*Attorney misconduct, including practicing law while under suspension and knowingly making false and misleading statements of material fact to disciplinary counsel in connection with a disciplinary matter—Eighteen-month suspension, with six months stayed on condition.*

(No. 2012-1001—Submitted August 22, 2012—Decided November 29, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-084.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Rebecca Christine Meyer, f.k.a. Gee,[1] Attorney Registration No. 0076007, was admitted to the practice of law in Ohio in 2003. She was also admitted to the practice of law in Kentucky. The Board of Commissioners on Grievances and Discipline now recommends that we suspend Meyer from the practice of law for 18 months, with six months stayed on a condition. We adopt the board's recommended sanction.

**Background**

**{¶ 2}** On December 17, 2010, the Supreme Court suspended Meyer from the practice of law and sanctioned her in the amount of $750 pursuant to Gov.Bar R. X(5)(A)(1) and (4) for failing to complete continuing-legal-education ("CLE") requirements and for failing to pay a prior court-ordered sanction for CLE noncompliance. *In re Gee*, 127 Ohio St.3d 1467, 2010-Ohio-6302, 938 N.E.2d

_____

1. Respondent's last name changed from Gee to Meyer in 2004. Although she then used the name Meyer in her dealings with clients and on court filings, she did not notify the Office of Attorney Services that her last name had changed until after the formal hearing before the board in this case in April 2012.

368. Meyer subsequently completed the required CLE and paid the sanctions, and the court reinstated her to the practice of law on June 14, 2011. *In re Gee*, 128 Ohio St.3d 1521, 2011-Ohio-2877, 948 N.E.2d 963.

{¶ 3} On October 10, 2011, relator, disciplinary counsel, filed a three-count complaint alleging that Meyer had violated the Ohio Rules of Professional Conduct by practicing law while under suspension, making false and misleading statements in a letter to disciplinary counsel, and failing to update the Supreme Court's Office of Attorney Services with the name she was using professionally in her practice.

{¶ 4} Following a hearing on April 30, 2012, a panel of the Board of Commissioners on Grievances and Discipline recommended that Meyer be suspended from the practice of law for 18 months, with 12 months stayed on the condition that she comply with her contract with the Ohio Lawyers Assistance Program ("OLAP").

{¶ 5} On June 5, 2012, we issued an order of reciprocal discipline, *Disciplinary Counsel v. Gee*, 132 Ohio St.3d 1229, 2012-Ohio-2754, 971 N.E.2d 952, after notification that in March 2012, the Supreme Court of Kentucky had suspended Meyer's license to practice law in that state for a period of 61 days for failure to comply with the state's continuing-legal-education requirements, *Kentucky Bar Assn. v. Gee*, 363 S.W.3d 343 (Ky.2012).

{¶ 6} The board considered this matter on June 7, 2012, and it adopted the panel's findings of fact and conclusions of law, but amended the recommended sanction. The board recommended that Meyer be suspended for 18 months, with six months stayed on the condition that she comply with her OLAP contract. We adopt the board's recommendation.

### Stipulated Misconduct

{¶ 7} Regarding Count I of the complaint, the parties stipulated that during the period of suspension between December 17, 2010, and her

reinstatement on June 14, 2011, Meyer continued to practice law. They further stipulated that by continuing to practice law, Meyer violated Prof.Cond.R. 1.16(a)(1) (requiring a lawyer to withdraw from representation when the representation will result in violation of the Ohio Rules of Professional Conduct), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 8} Regarding Count II of the complaint, the parties stipulated that Meyer made false and misleading statements in a letter to disciplinary counsel, including the assertion that she had not engaged in the practice of law during the period of suspension. Meyer admitted that her conduct violated Prof.Cond.R. 8.1(a) and (b) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter and failing to disclose a material fact in response to a demand for information by a disciplinary authority during an investigation) and 8.4(h).

{¶ 9} Regarding Count III of the complaint, the parties stipulated that since Meyer's marriage on September 4, 2004, she has used the named "Rebecca Gee Meyer" or "Rebecca C. Meyer" for professional purposes. At the time of the hearing in this matter in April 2012, Meyer still had not updated her attorney-registration information with the Supreme Court as required by Gov.Bar R. VI(1)(D) (requiring attorneys to keep the Office of Attorney Services apprised of any change in the information on their certificate of registration). She stipulated that her conduct violated Prof.Cond.R. 8.4(h).

**Sanction**

{¶ 10} The parties stipulated to the mitigating factors of no prior disciplinary record and cooperation during the disciplinary proceedings. BCGD

Proc.Reg. 10(B)(2)(a) and (d). In addition, the panel expressed its belief that Meyer's mental-health issues contributed to cause the misconduct, although she had not provided the necessary medical evidence for mitigation purposes.

{¶ 11} The panel did not identify any aggravating circumstances. Nevertheless, the panel noted the seriousness of Meyer's conduct in failing to stop practicing law while her license was suspended.

{¶ 12} For guidance in determining the appropriate sanction, the panel reviewed similar disciplinary cases in which attorneys had continued to practice law while under a CLE suspension. The sanctions in those cases included both definite and indefinite suspensions. *Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070; *Disciplinary Counsel v. MacLean*, 106 Ohio St.3d 50, 2005-Ohio-3672, 831 N.E.2d 423; *Toledo Bar Assn. v. Crandall*, 98 Ohio St.3d 444, 2003-Ohio-1637, 786 N.E.2d 872. An actual suspension is necessary in this case based on Meyer's violations of Prof.Cond.R. 8.1 and 8.4. *See Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 191, 658 N.E.2d 237 (1995). Consequently, the panel recommended that Meyer be suspended from the practice of law for 18 months, with 12 months stayed on the condition that she comply with her OLAP contract.

{¶ 13} The board adopted the panel's findings of fact and conclusions of law. The board rejected the stipulated mitigating factor of no prior discipline, in light of this court's order of reciprocal discipline entered on June 5, 2012, after the panel's hearing. But the board noted that after the April 2012 hearing, Meyer updated her information on file with the court's Office of Attorney Services. Without further discussion, the board recommended a harsher sanction of an 18-month suspension with only six months stayed on the condition that she comply with her OLAP contract.

{¶ 14} Having independently considered the evidence in this matter, we agree with the board's findings and recommended sanction. Accordingly, we

suspend Meyer from the practice of law in Ohio for 18 months, with six months stayed on the condition that she comply with her OLAP contract. Costs are taxed to Meyer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., dissents and would impose an 18-month suspension with 12 months stayed, as recommended by the panel.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, Chief Assistant Disciplinary Counsel, for relator.

Rebecca Christine Meyer, pro se.

_____