DISCIPLINARY COUNSEL *v.* MEYER, F.K.A. GEE.

[Cite as *Disciplinary Counsel v. Meyer*,
142 Ohio St.3d 448, 2015-Ohio-493.]

(No. 2014–0968—Submitted August 20, 2014—Decided February 19, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Rebecca Christine Meyer, f.k.a. Gee, Attorney Registration No. 0076007, was admitted to the practice of law in Ohio in 2003. She was admitted to the practice of law in Kentucky in 2002. The Board of Commissioners on Grievances and Discipline[1] has recommended that we indefinitely suspend Meyer from the practice of law in Ohio based on findings that she violated five professional-conduct rules by continuing to engage in the practice of law while her license was under suspension and by failing to respond to disciplinary counsel's demand for information regarding her conduct. We adopt the board's findings of fact and misconduct and indefinitely suspend Meyer from the practice of law in Ohio.

**Background**

{¶ 2} On January 15, 2009, the Supreme Court of Kentucky suspended Meyer for her failure to pay bar dues for the 2008–2009 biennium and her failure to comply with her continuing-education requirements for the 2007–2008 reporting period. She was likewise suspended and fined by this court for her failure to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X for the 2008 and 2010 reporting periods. *In re Continuing Legal Edn.*

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

*Suspension of Gee,* 127 Ohio St.3d 1467, 2010-Ohio-6302, 938 N.E.2d 368. She cured that deficiency, paid her monetary sanctions, and was reinstated to the practice of law in Ohio on June 14, 2011. *In re Reinstatement of Gee,* 128 Ohio St.3d 1521, 2011-Ohio-2877, 948 N.E.2d 963.

{¶ 3} On March 22, 2012, the Supreme Court of Kentucky suspended Meyer for 61 days based on findings that she violated the Kentucky Rules of Professional Conduct by failing to abide by the terms of her prior suspension order, engaging in the practice of law while her license was under suspension, and failing to respond during the resulting disciplinary investigation. *Kentucky Bar Assn. v. Gee,* 363 S.W.3d 343 (Ky.2012). We issued a reciprocal-discipline order on June 5, 2012, which provides that she will not be reinstated to the practice of law in Ohio until she is reinstated to the practice of law in Kentucky. *Disciplinary Counsel v. Gee,* 132 Ohio St.3d 1229, 2012-Ohio-2754, 971 N.E.2d 952.

{¶ 4} And on November 29, 2012, we suspended Meyer for an additional 18 months, with six months stayed on conditions, based on findings that she continued to engage in the practice of law in Ohio during her CLE suspension, made false and misleading statements to disciplinary counsel during his investigation, and failed to notify the Office of Attorney Services that she had changed her last name from Gee to Meyer in 2004. *Disciplinary Counsel v. Meyer,* 134 Ohio St.3d 180, 2012-Ohio-5487, 980 N.E.2d 1029.

{¶ 5} Meyer has not been reinstated to the practice of law in Kentucky, and our June 5 and November 29, 2012 suspensions remain in effect.

### Current Misconduct

{¶ 6} In a complaint certified to the board in October 2012, relator alleged that Meyer failed to comply with the terms of this court's June 5, 2012 suspension order by failing in two pending cases to timely notify the court and opposing counsel of her suspension and by participating in a case-management conference on behalf of a client. The complaint further alleged that although Meyer received relator's letter of inquiry regarding her conduct, she failed to respond.

{¶ 7} After Meyer failed to file an answer or otherwise respond to the complaint, the secretary of the board certified her default to this court, and on February 14, 2013, we imposed an interim default suspension pursuant to former Gov.Bar R. V(6a)(B)(1). *Disciplinary Counsel v. Meyer,* 134 Ohio St.3d 1460, 2013-Ohio-476, 982 N.E.2d 735. Pursuant to former Gov.Bar R. V(6a)(C), we granted Meyer's motion for leave to answer and remanded the case to the board on August 26, 2013. *Disciplinary Counsel v. Meyer,* 136 Ohio St.3d 1465, 2013-Ohio-3661, 992 N.E.2d 1151. However, the interim default suspension remains in effect. *Id.*

{¶ 8} Meyer answered relator's complaint on August 12, 2013, and admitted all of the material facts, but denied relator's allegations that her conduct violated the Ohio Rules of Professional Conduct. She later entered into agreed stipulations of fact and misconduct in which she admitted the factual allegations of the complaint and agreed that her conduct violated Prof.Cond.R. 1.16(a)(1) (requiring a lawyer to withdraw from representation if the representation will result in a violation of the Ohio Rules of Professional Conduct or other law), 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The parties stipulated that an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) should be dismissed. They also moved to waive the panel hearing and have the matter decided on their stipulations.

{¶ 9} The panel assigned to hear the case adopted the parties' stipulations of fact and misconduct and issued an entry unanimously dismissing the alleged violation of Prof.Cond.R. 8.4(h). The board adopted the panel's findings of fact and misconduct. We adopt the board's findings of fact and agree that Meyer's conduct violated Prof.Cond.R. 1.16(a)(1), 3.4(c), 5.5(a), 8.1(b), and 8.4(d).

## Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[2] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} As aggravating factors, the parties stipulated and the panel and board agreed that Meyer has prior disciplinary offenses and initially failed to cooperate in the disciplinary process, which resulted in the imposition of an interim default suspension. *See* BCGD Proc.Reg. 10(B)(1)(a) and (e). But while the parties stipulated and the panel agreed that the absence of a dishonest or selfish motive was a mitigating factor, *see* BCGD Proc.Reg. 10(B)(2)(b), the board found that Meyer possessed a selfish or dishonest motive because she continued to practice

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

law in Ohio while under suspension. Despite this difference, the board agreed with the panel that an indefinite suspension is the appropriate sanction for Meyer's misconduct.

{¶ 12} We typically impose an additional indefinite suspension of an attorney's license when the attorney has continued to practice law during a previous suspension imposed for violations of the Rules for the Government of the Bar or the Rules of Professional Conduct. *See, e.g., Disciplinary Counsel v. Freeman,* 126 Ohio St.3d 389, 2010-Ohio-3824, 934 N.E.2d 328, ¶ 14; *Columbus Bar Assn. v. Winkfield,* 107 Ohio St.3d 360, 2006-Ohio-6, 839 N.E.2d 924 (imposing an indefinite suspension on an attorney who practiced law during the suspension imposed in *Columbus Bar Assn. v. Winkfield,* 91 Ohio St.3d 364, 745 N.E.2d 411 (2001), for multiple violations including neglect of client matters and failure to promptly pay funds to a client); *Disciplinary Counsel v. Jackson,* 86 Ohio St.3d 104, 712 N.E.2d 122 (1999) (imposing an indefinite suspension on an attorney who practiced law during a reciprocal suspension imposed following his suspension in Hawaii for misconduct requiring payment of restitution to clients). We agree that an indefinite suspension is the appropriate sanction here.

{¶ 13} Accordingly, Rebecca Christine Meyer is indefinitely suspended from the practice of law in Ohio. In addition to meeting the requirements set forth in Gov.Bar R. V(25), to be reinstated to the practice of law in Ohio, Meyer must demonstrate that she (1) has maintained compliance with the terms of her Ohio Lawyers Assistance Program ("OLAP") contract—including any recommendation by OLAP or her treatment professionals to extend the duration of that contract, (2) has been reinstated to the practice of law in Kentucky, (3) has complied with all prior orders of this court, and (4) has engaged in no further misconduct. Costs are taxed to Meyer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Rebecca Christine Meyer, pro se.